McKinney, J.,
delivered the opinion of the Court.
This was an action of covenant, founded on the following obligation:
“On the second day of January next we jointly promise to pay Guy Ellis twelve hundred and ninety dollars and eighty.-nine cents in current bank notes for value received of him. Given under our hands and seals this 7th day of December, 1853.
“T. J. Mills,
“ITaevey Hamilton.”
At the appearance term, a nolle prosequi was entered *517 as to the defendant Mills. The defendant Hamilton, among various other matters of defence which need not he here noticed, pleaded “that he executed said covenant as the surety of Mills; and that, at the time of the execution thereof, it was understood and agreed that certain property which was then in the hands of said Mills should he sold to pay the same, (being the same property for which said obligation was given;) and that Ellis, the plaintiff, should accompany Mills until the said property should he sold; and should receive and take the proceeds of the same, or so much thereof as would pay the sum of money in said covenant mentioned, and apply the same in satisfaction thereof; and that the plaintiff, by his own negligence, laches, and default, failed to take and receive the proceeds of said property, and allowed the same to go into the hands of said Mills.” And upon these facts the plea alleges, in conclusion, that the liability of defendant upon said covenant is discharged. To this plea there was a demurrer, which was overruled. A replication was then filed, traversing said plea, upon which issue was taken. This issue, as well as the other issues in the case, was found for the defendant; and a new trial having been refused by the Court, the plaintiff appealed in error to this Court.
Without considering the case upon the proof adduced in support of the foregoing plea, we will proceed to inquire into the validity of the plea itself, as that is the first question properly arising upon the record, and in our judgment it is, for the present at least, decisive of the case.
Eor the defendant Hamilton, it is argued that, notwithstanding the instrument declared on is under seal, he is *518 entitled, under the acts of 1850, ch. 20, § 1, and ch. 60, § 1, to aver and prove by parol evidence that he was merely the surety of Mills in the^, obligation, and to avail himself of all matters of defence that would be available for him in an action upon a promissory note or other unsealed instrument.
Admitting this to be so for the present, the question is, would the plea constitute an available defence to an action on a promissory note or other unsealed instrument?
In another case at the present term (Bryan vs. Hunt) we have recognized the rule that it is not allowable to vary or contradict the terms of an unsealed written instrument by parol evidence of previous or contemporaneous stipulations or terms not incorporated therein.
What is attempted by the plea ? To contradict the absolute and unconditional engagement of the defendant to pay the plaintiff on a day fixed $1290 89, in current bank notes, by parol evidence of a contemporaneous agreement; or, in the language of the plea, by an agreement “ at the time of the execution of the covenant that really he was not to pay said sum of money at all, but that it was to be paid in a mode altogether different from that imported on the face of the obligation.
The doctrine is well established that, in an action on a promissory note or bill of exchange, the defendant will not be allowed to give parol evidence of an agreement between him and the plaintiff, at the time of making the note, that it should be renewed, and that payment should not be demanded on its becoming due; or that a note, purporting to be payable on demand, was intended by the parties to be payable on a contingency; or that a note payable on a certain day was intended to be payable on *519 some other day; 2 Phillips on Ev., (ed. of 1848,) p. 357; or that it was to be paid out of a particular fund; Chitty on Con., (ed. of 1848,) p. 102, and cases cited in note A; or that it should be paid in any other mode than is imported on its face. 4 Phillips on Ev., note 294, p. 591, and cases referred to.
It is not necessary to refer to the rules applicable to subsequent agreements; or to independent collateral agreements ; or where the whole contract has not been reduced to writing, and this is apparent from the face of the writing; or to cases of parol contract, where the giving of a note by one party does not merge the parol contract ; as, for instance, where a personal chattel is sold with warranty by parol contract, and a note is given for the purchase-money. Between all these, and perhaps other exceptional cases, and a case like the one in judgment,where it is attempted to give effect to a prior or contemporaneous verbal contract to vary or contradict a written agreement, there will be found on careful examination a clear and well-marked distinction.
We are of opinion, therefore, that the Court erred in overruling the demurrer to the above plea. The judgment will be reversed, the demurrer sustained, and the case remanded, with leave to amend the pleadings, if a proper case shall be made for an amendment.